UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RICHARD A. JOHNSON,

    Plaintiff,

    v.

GURLEY LEEP GM GIANT,

    Defendant.

Case No.: 3:14-CV-1627-JVB-CAN

**OPINION AND ORDER**

Plaintiff bought a car from Defendant by signing a contract containing an arbitration agreement. But when Plaintiff wanted to complain about the car's odometer, he filed this lawsuit instead of pursuing arbitration. The Court ordered arbitration. But arbitration efforts stalled, without gaining much mileage.

Plaintiff recently renewed his motion to proceed with this litigation, and his challenge to arbitration. (DE 30.) Defendant renewed its motion to dismiss. (DE 31.)

**A.    Background**

When Plaintiff purchased a car from Defendant, the parties entered into a contract which included an arbitration clause.

On September 29, 2014, Plaintiff conceded he signed a purchase agreement containing an arbitration clause, and conceded the Court should compel arbitration. (Pl.'s Supplemental Resp. Def.'s Mot. Compel Arb. and Dismiss, DE 20 at 1.)

The Court twice ordered the parties to proceed to arbitration pursuant to their contract. In the second of these orders, entered April 29, 2015, the Court stated that *pro se* Plaintiff must

either identify a new, mutually agreed-upon arbitrator, and schedule arbitration; or he must withdraw his objection to the original arbitrator, and schedule arbitration. (Order, DE 29 at 2.) The Court warned Plaintiff that if he did not accomplish either option within 30 days the Court would reconsider its decision and dismiss the case. (*Id.*)

The Clerk of the Court resent a copy of that Order to Plaintiff on May 27, 2015, as he seems not to have received the first copy.

Nearly a year later, on April 7, 2016, having failed to complete arbitration, Plaintiff filed a "Motion to Move Forward Challenging the Arbitration Law/Rule." (DE 30.)

Defendant responded by renewing its motion to dismiss. (DE 31.) Defendant explained that after the Court's second order compelling arbitration, the parties finally scheduled arbitration with Retired Judge Scopelitis for August 18, 2015. Defendant complied with the obligation to submit an arbitration statement, but Plaintiff did not. According to Defendant, Plaintiff called on the morning of the arbitration and said he would not attend because a car hit him. Judge Scopelitis attempted to gather further information from Plaintiff regarding the accident to determine whether to reschedule the arbitration. But Plaintiff refused to answer Judge Scopelitis' questions, and hung up on him.

Over four months later, apparently having not heard anything from Plaintiff since the date of the failed arbitration, Judge Scopelitis proposed new dates for arbitration. Eventually Judge Scopelitis set April 8, 2016, as the new date for arbitration, with input from both parties. Again, Defendant submitted a statement, and Plaintiff failed to do so.

On April 2, 2016, Judge Scopelitis notified the parties that a family commitment required him to reschedule. But apparently without knowing this, Plaintiff informed defense counsel on April 7, 2016, that Plaintiff would not attend arbitration the following day.

Plaintiff did not respond to Defendant's motion to dismiss, and the time for such a response has expired. Accordingly, Defendant's version of the sabotaged arbitration efforts is uncontested.

**B.     Discussion**

In his latest motion, Plaintiff appears to claim, for the first time, fraud in the inducement regarding the arbitration clause. (Mot. Move Forward Challenging Arb., DE 30.) But Plaintiff failed to plead a sufficient basis for such a claim.

Moreover, he already conceded arbitration is mandated and appropriate. (Pl.'s Supplemental Resp. Def.'s Mot. Compel Arb. and Dismiss, DE 20 at 1.)

Two times the Court ordered arbitration. The Court is satisfied Defendant made good faith efforts to arbitrate. But Plaintiff has alternately accepted and resisted arbitration. Plaintiff engaged in preliminary steps in the arbitration process, but he failed to submit an arbitration statement, and he failed to attend arbitration.

Other courts have dismissed cases in these circumstances. In *Johnson v. Orkin, LLC*, a district court dismissed the suit because all claims were subject to arbitration. *Johnson v. Orkin, LLC*, 928 F. Supp. 2d 989, 1010 (N.D. Ill. 2013) (aff'd, 556 Fed. Appx. 543 (7th Cir. 2014) (unpublished)).

That district court noted a "growing trend among courts favoring dismissal of a case when all of the claims contained therein are subject to arbitration." *Id.* at 1008. That court also cited a string of Seventh Circuit decisions affirming dismissals of cases when all of the claims are subject to arbitration. *Id.* (citing *Baumann v. Finish Line, Inc.*, 421 Fed. Appx. 632, 636 (7th

Cir. 2011); *Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*, 347 F.3d 665, 668 (7th Cir. 2003); *McCaskill v. SCI Mgmt. Corp.*, 298 F.3d 677, 679 (7th Cir. 2002)).

More recently, a district court dismissed another case because all claims were subject to arbitration. *Soucy v. Capital Mgmt. Serv's, LP*, 2015 WL 414632 (N.D. Ill. 2015) (unpublished). *See also Versmesse v. AT&T Mobility, LLC*, 2014 WL 856447 (N.D. Ind. 2014) (unpublished).

This Court agrees with the reasoning favoring dismissal where all claims are subject to mandatory, binding arbitration.

As all of Plaintiff's claims are subject to mandatory, binding arbitration; as about one and a half years have passed since the Court first ordered arbitration, and about one year has passed since the Court again ordered arbitration; as Plaintiff has not responded to the renewed motion to dismiss and the time for doing so has expired; and as Plaintiff's latest motion (DE 30) does not present any plausible, reasonable explanation for why arbitration should not occur: the Court dismisses this case.

**C.     Conclusion**

For these reasons, the Court:

1) DENIES Plaintiff's motion to move forward (DE 30);

2) GRANTS Defendant's renewed motion to dismiss (DE 31); and

3) DISMISSES this case.

**SO ORDERED** on June 8, 2016.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN<br>
UNITED STATES DISTRICT JUDGE